Martin, J.
delivered the opinion of the court. The plaintiff seeks to rescind the sale of a tract of land of his, to one of the defendants, by the sheriff, under an execution, on the ground that the conduct of the latter was oppressive and illegal. That the land was not exposed and sold at public auction, as the law directs, at the time advertised, and was struck to the defendant, altho’ he was not the highest bidder, in opposition to the request of another bidder, who offered to bid 1500 dollars more.
The defendants denied all the allegations in the petition.
The following issues were submitted to the jury ; the two last by the defendants, the others by the plaintiff.
*678 1. Has the plaintiff, a title to the land in question, and in what words is it expressed ?
2. Were, or were there not two bidders for the land, at the same price, at the time the defendant Charpentier, the sheriff, struck it off to the defendant Barrabino, and was it not claimed by two persons as their bid and who were those persons ?
3. Was or was not the plaintiff, by Crow, his agent, one of these bidders ?
4. Was not the bidding, at said auction, by secret signs, on the part of the defendant Barrabino ?
5. Did not Crow, tell the defendant Charpentier, immediately after he struck off the land to Barrabino, that if he would put it up again, he would give 3500 dollars for it ?
6. Is it, or is it not the custom of auctioneers, in this state, when an article is struck off and claimed by two persons, as this bid, to put it up a second time ?
7. Was or was not the land struck off to the defendant Barrabino, he being the last and highest bidder?
8. Did or did not the sheriff, in pursuance to said adjudication, execute a deed of sale to him, and if so report the deed by a reference thereto ?
*679 The plaintiff objected to the seventh issue, as requiring from the jury a general verdict, as including a question of fact and one of law, and not being pertinent. The district judge overruled the objection and a bill of exceptions was taken.
1. The jury, on the first issue, referred to the plaintiff’s deed, annexed to the petition, and, as to the others, found that:
2. There were two bidders, but not at the same price : the defendant Barrabino being the last and highest, at the time the sheriff struck the land off ; the bid was claimed by Barrabino and Crow, who were the bidders.
3. Brashears was a bidder, tho’ Crow, his agent.
4. The bidding was carried on by signs, by Barrabino and Crow.
5. Crow told the sheriff, if he would put up the land again, Ire would give 3500 dollars for it.
6. It is customary with auctioneers, in this state, when the bid is disputed, to set up the article a second time.
7. The land was struck off and adjudged to the defendant Barrabino, he being the last and highest bidder.
8.The sheriff, in pursuance of the adjudication, made a deed for said land, which is annexed to the records.
*680 The plaintiff moved for a new trial on the following grounds.
1. The finding of the second issue is not conformable to the question suomitted , as it states a material fact, not called for by the question, viz : that Barrabino was the last and highest bidder.
2. The finding of the second issue is contrary to evidence in this that it states, that the two bidders were not at the same price, at the time the sheriff struck off the land to one of them, and that Barrabino was the last and highest bidder.
3. The finding of the seventh issue is contrary to evidence, as it states that Barrabino was the last and highest bidder.
The district judge refused the new trial, and being of opinion “that the law and evidence were in favour of the defendants,” gave judgment for them The plaintiff appealed.
It does not appear to us that there is any force in the objection made by the plaintiff to the submission, to the jury of the seventh issue, and his counsel does not insist on it, in this court.
No new trial ought ever to be granted because the jury found a fact not submitted to them : the remedy, in such a case, being to disregard the fact.
*681 As, according to the counsel, we have not a statement of facts, we cannot determine whether any part of the finding of the jury be contrary to evidence.
It is stated in argument, that a new trial was prayed for, on account of the insufficiency of the answer of the jury to the fourth issue, as the jury do not say whether the signs used by Barrabino, were or were not secret ones. Nothing, in the record, shews that the trial was asked, in the district court, on that ground. Altho’ we might, if the justice of the case required it, remand the cause for a new trial, notwithstanding the objection was not taken below, it does not appear to us that we ought to do it. Bids are often made at auctions, by a nod, without any impropriety, and the persons present have sufficient notice of a bid, on its being cried out by the sheriff.
The circumstance of Crow claiming the last bid as his own, could not authorise the sheriff to put up the land again, if the claim was groundless, as it appears to have been, since the jury found that Barrabino was the last and highest bidder : and that there were two bidders, at the time the land was struck off, but for different sums.
If Barrabino, as the jury have found, bid the highest, the other bidder, admitting it to be Crow, must have bidden less.
*682 If we are to understand the jury to mean that, when a bid is disputed, even without the least ground, the property must be put up again, and the last and highest bidder divested of his right, the custom is a most unreasonable one, and therefore not binding.
There is neither, allegation or proof, of the neglect of the sheriff, in advertising the time of sale, in the manner required by law, and if he sold at another time, this must have been shewn by the plaintiff.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.